IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| HOSS MOTORSPORTS, INC and | ) | |
| MARK SILVA | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.CV-09-5186 |
| | ) | |
| CHINA OFF-ROAD PRODUCTS, INC.; | ) | |
| HOSS PROTUCTS, INC.; | ) | |
| IRV JOHNSON; JEREMY JOHNSON; | ) | |
| JOHN GATZ; THE JOHNSON | ) | |
| FAMILY TRUST; and TERRY Z. | ) | |
| MARTIN | ) | |
| Defendants. | ) | |

## AMENDED ANSWER

Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Separate Defendant John Gatz comes before this Court and for his Answer states:

1. The Separate Defendant John Gatz admits the allegation in paragraph 1 of Plaintiffs' complaint.

2. The Separate Defendant John Gatz admits the allegation in paragraph 2 of Plaintiffs' complaint.

3. The Separate Defendant John Gatz admits the allegation in paragraph 3 of Plaintiffs' complaint.

4. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 4 of Plaintiffs' complaint.

5. The Separate Defendant John Gatz admits the allegation in paragraph 5 of Plaintiffs' complaint.

6. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 6 of Plaintiffs' complaint.

7. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 7 of Plaintiffs' complaint.

8. The Separate Defendant John Gatz admits the allegation in paragraph 8 of Plaintiffs' complaint.

9. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 9 of Plaintiffs' complaint.

10. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 10 of Plaintiffs' complaint.

11. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 11 of Plaintiffs' complaint.

12. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 12 of Plaintiffs' complaint.

13. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 13 of Plaintiffs' complaint.

14. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 14 of Plaintiffs' complaint.

15. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 15 of Plaintiffs' complaint.

16. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 16 of Plaintiffs' complaint.

17. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 17 of Plaintiffs' complaint.

18. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 18 of Plaintiffs' complaint.

19. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 19 of Plaintiffs' complaint.

20. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 20 of Plaintiffs' complaint.

21. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 21 of Plaintiffs' complaint.

22. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 22 of Plaintiffs' complaint.

23. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 23 of Plaintiffs' complaint.

24. The Separate Defendant John Gatz denies the allegations contained in paragraph 24. At no time did Separate Defendant John Gatz participate in any misrepresentations by COPI, JOHNSON and the JOHNSON TRUST, nor has he personally benefited from any conversion of goods by COPI, HPI, or HOSS.

25. Paragraph 25 does not require admission or denial.

26. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 26 of Plaintiffs' complaint.

27. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 27 of Plaintiffs' complaint.

28. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 28 of Plaintiffs' complaint.

29. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 29 of Plaintiffs' complaint.

30. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 30 of Plaintiffs' complaint.

31. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 31 of Plaintiffs' complaint.

32. Paragraph 32 does not require admission or denial.

33. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 33 of Plaintiffs' complaint.

34. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 34 of Plaintiffs' complaint.

35. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 35 of Plaintiffs' complaint.

36. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 36 of Plaintiffs' complaint.

37. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 37 of Plaintiffs' complaint.

38. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 38 of Plaintiffs' complaint.

39. Paragraph 39 does not require admission or denial.

40. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 40 of Plaintiffs' complaint.

41. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 41 of Plaintiffs' complaint.

42. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 42 of Plaintiffs' complaint.

43. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 43 of Plaintiffs' complaint.

44. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 44 of Plaintiffs' complaint.

45. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 45 of Plaintiffs' complaint.

46. Paragraph 46 does not require admission or denial.

47. The Separate Defendant John Gatz denies the allegation in paragraph 47 of Plaintiffs' complaint.

48. The Separate Defendant John Gatz denies the allegation in paragraph 48 of Plaintiffs' complaint.

49. The Separate Defendant John Gatz denies the allegation in paragraph 49 of Plaintiffs' complaint.

50. The Separate Defendant John Gatz denies the allegation in paragraph 50 of Plaintiffs' complaint.

51. The Separate Defendant John Gatz denies the allegation in paragraph 51 of Plaintiffs' complaint.

52. The Separate Defendant John Gatz denies the allegation in paragraph 52 of Plaintiffs' complaint.

53. Paragraph 53 does not require admission or denial.

54. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 54 of Plaintiffs' complaint.

55. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 55 of Plaintiffs' complaint.

56. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 56 of Plaintiffs' complaint.

57. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 57 of Plaintiffs' complaint.

58. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 58 of Plaintiffs' complaint.

59. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 59 of Plaintiffs' complaint.

60. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 60 of Plaintiffs' complaint.

61. Paragraph 61 does not require admission or denial.

62. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 62 of Plaintiffs' complaint.

63. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 63 of Plaintiffs' complaint.

64. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 64 of Plaintiffs' complaint.

65. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 65 of Plaintiffs' complaint.

66. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 66 of Plaintiffs' complaint.

67. The Separate Defendant John Gatz does not have information to admit or deny the allegation in paragraph 67 of Plaintiffs' complaint.

68. The Separate Defendant John Gatz further asserts the affirmative defenses of unclean hands, waiver, estoppel, failure to state a claim upon which relief may be granted and to any other defenses to which he is entitled.

69. The Separate Defendant John Gatz further reserves the right to amend this answer.

WHEREFORE, Separate Defendant John Gatz prays that the Complaint be dismissed and costs assessed to Plaintiffs.

                              Respectfully Submitted,

                                    /s/ George M. Rozzell IV      .
                                    George M. Rozzell IV, ID #2008032
                                    Howerton Law Firm
                                    217 E. Dickson Street Suite 102
                                    Fayetteville, AR 72701
                                    grozzell@howertonlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of September 2009, I electronically transmitted the foregoing document to the following ECF registered attorneys:

**David Nixon**
Nixon Law Firm
2340 Green Acres Rd. Suite 12
Fayetteville, AR 72703
479-582-0030
david@nixonlaw.com

**John Lucas Boyer**
Law Office of Brenda Vassaur Taylor
202 W. Sunbridge
Fayetteville, AR 72703
479-257-0006
luke@bvtlaw.com

                                                    /s/ George M. Rozzell IV            .